IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HILDRA LAVON JONES, III,** | ) | **Civil Action No. 7:11-cv-00488** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JACK LEE, <u>et al.</u>,** | ) | **By: Norman K. Moon** |
| **Defendants.** | ) | **United States District Judge** |

Hildra Lavon Jones, III, a Virginia inmate proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Jones complains that while he was a pretrial detainee, he was subjected to cruel and unusual punishment based on his living conditions. The court finds that Jones' allegations fail to rise to the level of a constitutional claim and, therefore, dismisses his complaint.

**I.**

Jones complains that while he was housed at Middle River Regional Jail ("MRRJ") for approximately one month as a pretrial detainee, he was exposed to green and black bacteria in the showers, "little flying black insects," and an "almost sewer smell [sic]." As a result of his exposure to these conditions, Jones argues that he "contracted" a fungus under one of his fingernails and a "bad" itch. Jones also complains that while he was incarcerated at MRRJ, he was housed in a "zone of danger" because there were convicted murders and a white supremacist there. Jones does not allege that any other inmates at MRRJ ever harmed him. Jones is now housed at Loudon County Adult Detention Center.

**II.**

To establish an actionable claim of cruel and unusual punishment, a plaintiff must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious

physical or emotional injury, and (2) that prison officials acted with deliberate indifference to his needs.[1]  Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition).  As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)).  An inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement.  See Rhodes, 452 U.S. at 347.  Accordingly, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health.  Strickler, 989 F.2d at 1380-81; Helling v. McKinney, 509 U.S. 25 (1993).

Jones fails to allege any respect in which he, personally, has been injured or even adversely affected by any of the living conditions of which he complains.[2]  See White v. Gregory, 1 F.3d

---

[1] Jones is a pretrial detainee.  Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  However, as a practical matter, the contours of the Due Process Clause are coextensive with the substantive constitutional principles applied by the Eighth Amendment to convicted inmates.  See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).  Accordingly, Jones' Fourteenth Amendment Due Process claims will be analyzed under the Eighth Amendment.

[2] Jones only alleges that he has suffered an itch and a fungus under one fingernail.  The court finds that these amount to nothing more than de minimus injury.  See Mase v Henry County Jail, No. 7:06cv627, 2006 U.S. Dist. LEXIS 78494, 2006 WL 3091046 at 1 (W.D. Va. Oct. 27, 2006) (even if plaintiff "suffered from a rash, such minor skin conditions do not rise to the level of a 'serious or significant physical injury.'"); Canell v. Multnomah County, 141 F. Supp.2d 1046, 1053-54 (D. Or. 2001) (allegations of foot fungus, nose sores, constipation and a winter cold amounted only to de minimus injuries); Landfair v. Sheahan, 878 F.Supp. 1106, 1112-13 (N.D. Ill. 1995) (Although uncomfortable, a foot fungus, or athlete's foot, is not a serious medical need or injury.); Brown v. Pierce, No. 05-1322, 2008 U.S. Dist. LEXIS 19014, 2008 WL 619288, at *5 (C.D. Ill. Mar. 4, 2008) ("several courts have held that a rash resulting from cell conditions is a de minimus injury that does not rise to the level of a constitutional violation") (collecting cases).

267 (4th Cir. 1993) (holding that a prisoner must suffer serious injury to be subjected to cruel and unusual punishment within the meaning of the Eighth Amendment).  Further, he does not present any facts indicating a "substantial risk" that he will suffer any serious or significant injury, especially since he is no longer housed at MRRJ.  Accordingly, the court finds that Jones' allegations fail to rise to the level of a constitutional claim.

## III.

For the stated reasons, Jones' complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

**ENTER**:  This 31st day of October, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE